UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| STARSTONE NATIONAL INSURANCE CO., § § § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 1-20-cv-00020 |
| § | |
| ALYSSA SMITH, MICHAEL TAYLOR AND TAYLOR PEPPER § § | |
| § | |
| Defendants. § | |

**PLAINTIFF STARSTONE NATIONAL INSURANCE CO.'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW** Plaintiff, Starstone National Insurance Co, and makes and files this Complaint against Defendants Alyssa Smith, Michael Taylor and Taylor Pepper and would show the Court as follows:

**I.
INTRODUCTION**

1.1 This is an action for declaratory judgment to determine whether Starstone National Insurance Company has a duty to indemnify Defendants Alyssa Smith, Michael Taylor and Taylor Pepper under a liability policy issued by Starstone National Insurance Co. to Alyssa Smith. On November 20, 2019 Michael Taylor entered into an "agreed final judgment" in the lawsuit styled *Taylor Pepper v. Alyssa Smith;* Cause No. A180297-C in the 128th Judicial District Court of Orange County, Texas. (the "Underlying Suit."). The "Agreed final Judgment" states that either Michael Taylor or his insurer will fully pay the judgment as well as fees and expenses incurred by Taylor Pepper in prosecuting the lawsuit against him. Starstone National now seeks a declaration that it is not bound by the "agreed final judgment" nor is it obligated to indemnify Taylor for same.

## II.
## PARTIES

2.1    Plaintiff Starstone National Insurance Co. is a citizen of New Jersey having its principal place of business in Jersey City, New Jersey at Harborside 5, 185 Hudson Street, Suite 2600, Jersey City, New Jersey.

2.2    Defendant Alyssa Smith is an individual who resides in Orange County, Texas who may be served with process at 1280 Texla Road, Vidor Texas 77662, or at any other location where she may be found.

2.3    Defendant Michael Taylor is an individual who resides in Orange County, Texas who may be served with process at 1280 Texla Road, Vidor Texas 77662 or at any other location where he may be found.

2.4    Defendant Taylor Pepper is an individual who resides in Orange County, Texas who may be served with process at 210 Live Oak, Bridge City, Texas 77611 or at any other location where she may be found.

## III.
## JURISDICTION AND VENUE

3.1    The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is a complete diversity of citizenship among the parties and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

3.2    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 124(b)(2) and 1391(b) in that all or a significant part of the acts or omissions giving rise to this claim occurred in this judicial district and division.

## IV.
## BASIS FOR CLAIMS

4.1     The instant dispute arises out of an agreed to judgment entered into by Taylor as to events occurring on or about September 24, 2017. The Underlying Suit arose out of a lawsuit brought by a Taylor Pepper against Smith and Taylor. Starstone was not a party to the Underlying Suit.

4.2     Pursuant to the terms and conditions of the policy at issue, Starstone provided a defense to Smith. Starstone did not provide a defense to Taylor as at the time of the events alleged in the underlying lawsuit Taylor was not an insured under the policy at issue. A copy of the policy is attached as Exhibit 1.

4.3     On or about November 20, 2019, Michael Taylor entered into an "Agreed Final Judgment" with Taylor Pepper for $100,000.00.

## V.
## THE STARSTONE POLICY

5.1     Starstone issued policy no. TNI000036335 to Alyssa Smith. The policy is effective from August 1, 2017 to August 1, 2018. The Starstone policy provides liability coverage to certain persons pursuant to the terms and conditions of coverage.  The policy identifies Smith as the named insured.

> **Named Insured and Mailing Address:**
> Alyssa Smith
> 1280 Texla Rd
> Vidor, Tx 77662-8315
>
> At the time of the events of September 24, 2017, Smith and Taylor were not legally married but rather were engaged to be married.
>
> The policy contains the following definitions as to who is an insured person:
>
> *     *     *

      6.      **Insured person(s)** – means **you** and, if a resident of **your** household:

          (a)    any relative; and
          (b)    any person under the age of 21 in **your** care.

\*    \*    \*

      17.   **You** or **Your** – means the person listed under Named Insured(s) on the Policy Declarations as the insured and that person's resident spouse.

The policy further provides:

\*    \*    \*

**Insuring Agreement**

In reliance on the information **you** have given us, **we** agree to provide the coverages indicated on the Policy Declarations. In return, **you** must pay the premium when due and comply with the policy terms and conditions. **You** must also inform **us** of any change in title, use or occupancy of the residence premises.

\*    \*    \*

This policy imposes joint obligations on the Named Insured (s) listed on the Policy Declarations as the insured and on that person's resident spouse. These persons are defined as **you** or **your.** The responsibilities, acts and omissions of a person defined as **you** or **your** will be binding upon any other person defined as **you** or **your,** except as provided under the following:

1.    **Losses We Do Not Cover Under Coverage A, Coverage B and Coverage C**, 1.g;
2.    **Losses We Do Not Cover Under Coverage X and Coverage Y,** 1.

\*    \*    \*

**Policy Transfer**

**Your** rights and duties under this policy may not be transferred without **our** prior written consent.

\*    \*    \*

**Misrepresentation, Fraud or Concealment**

**We** may void this policy only in accordance with the Texas Insurance Code Chapter 705, Subchapter A.

\*      \*      \*

The policy provides liability coverage as follows:

### SECTION II – FAMILY AND GUEST MEDICAL PROTECTION

**Coverage X – Family Liability Protection**

**Losses We Cover Under Coverage X**

Subject to the terms, conditions and limitations of this policy, **we** will pay damages that an **insured person** becomes legally obligated to pay because of **bodily injury** or **property damage** arising from an **occurrence** to which this policy applies, and is covered by this part of the policy.

**We** may investigate or settle any claim or suit for covered damages against an **insured person**. If an **insured person** is sued for these damages, **we** will provide a defense with counsel of our choice, even if the allegations are groundless, false or fraudulent. **We** are not obligated to pay any claim or judgment after **we** have exhausted **our** limit of liability.

\*      \*      \*

4. **We** do not cover any liability an **insured person** assumes arising out of any contract or agreement.

\*      \*      \*

**Conditions**

1. **What You Must Do After An Accidental Loss**

    In the event of **bodily injury** or **property damage, you** must do the following:

    a)    promptly notify **us** or **our** agent stating:

        1)    **your** name and policy number;

        2)    the date, the place and the circumstances of the loss;

        3)     the name and address of anyone who might have a claim against an **insured person;**

        4)     the names and addresses of any witnesses.

    b)     promptly send **us** any legal papers relating to the accident.

    c)     at **our** request, an **insured person** must:

        1)     cooperate with **us** and assist us in any matter concerning a claim or suit;

        2)     help **us** enforce any right of recovery against any person or organization who may be liable to an **insured person;**

        3)     attend any hearing or trial.

    d)     under the **Damage To Property Of Others** protection, give **us** a sworn statement of the loss. This must be made within 91 days after the date of loss. Also, an **insured person** must be prepared to show **us** any damaged property under that person's control.

Any **insured person** will not voluntarily pay any money, assume any obligations or incur any expense, other than for first aid to others at the time of the loss as provided in this policy.

\*    \*    \*

7.     **Lawsuits Against Us**
    (a)     No one may bring an action against **us** in any way related to the existence or amount of coverage, or the amount of loss for which coverage is sought, under **Coverage X**, unless coverage is sought, under **Coverage X**, unless the obligation of an **insured person** to pay has been finally determined either by judgment against the **insured person** after actual trial, or by written agreement of the **insured person.**

\*    \*    \*

5.2     Following Smith reporting the claim to Starstone on September 26, 2017, Starstone promptly conducted an investigation and interviewed both Smith and Taylor on multiple occasions. During each interview both Smith and Taylor confirmed that they were not common

law married, were not at the time of the events holding themselves out as husband and wife and did not consider themselves to be husband and wife.

5.3 Following the investigation, Pepper filed her original lawsuit against Smith only on August 8, 2018. Starstone accepted Smith's tender of defense and provide her counsel with respect to the allegations alleged against her.

5.4 On June 20, 2019 Pepper filed her first amended petition and added Taylor as an individual defendant. Based upon its investigation and the uncontroverted statements of both Taylor and Smith as to their marital status at the time of the events alleged, Starstone denied a defense to Taylor on July 22, 2019.

5.5 On November 20, 2019, Taylor apparently appeared in court and directly contradicted his prior statements to Starstone and affirmatively stated that he and Smith were common law married at the time of the events alleged. He further agreed he was liable for all of Pepper's damages and that those damages were the $100,000 policy limits of the liability coverage of the policy at issue. Taylor did not contest the damages and presented no defense.

5.6 The "Agreed final Judgment" reads as follows:

### AGREED FINAL JUDGMENT

On this date, came on to the heard in the above-styled and numbered cause, Plaintiff Taylor Pepper appeared by and through her attorney of record, and defendant, Michael Taylor also appeared prose, as reflected by the signatures of counsel and defendant Michael Taylor below, and announced that all matters in controversy settled and compromised. The parties waived trial by jury and submitted all matters, both of fact and law, to the Court.

The parties announced in open court that all claims and causes of action which have been asserted or which could have been asserted by the Plaintiff against Defendant Michael Taylor, by reason of the matters and things complained of herein, has been compromised and settled, subject to the approval of the Court. Defendant, Michael Taylor, hereby admits that his

negligent acts as described in Plaintiff's First Amended Petition proximately caused the injuries and damages to Plaintiff as set out therein. Furthermore, Defendant, Michael Taylor admits that at the time of the event giving rise to the cause of action described in Plaintiffs First Amended Petition, he and Alyssa Smith were married in common law in the State of Texas.

Such agreement, having been made known to the Court, the Court was of the opinion that Defendant Michael Taylor is liable for the damages sustained by the plaintiff and that such settlement is fair and just to the Plaintiff and should be apportioned as provided herein.

It is therefore, ORDERED, ADJUDGED, and DECREED by the Court that Plaintiff suing herein has and recovers of and from Defendant, Michael Taylor as follows:

1) To Taylor Pepper, and her attorney Rodney Townsend, Townsend, P.C., the sum of One Hundred Thousand Dollars and no/100 ($100,000.00).

It is further, ORDERED, AUJUDGED, and DECREED that all costs of Court, including costs, pre and post judgment interest, and expenses be taxed against Defendant, Michael Taylor.

Upon pronouncement of the Judgment of this Court, all parties announced in open Court that said Judgment was satisfactory and would not be appealed and made admissions that Defendant, Michael Taylor and/or his Insurer will have fully paid this Judgment by paying the amounts awarded herein, and by paying the expenses, interest and costs as outlined herein. Upon payment of the stated amount, this Judgment will be declared fully and finally satisfied, paid off and discharged in full, and Defendant will be hereby forever relieved and discharged of and from any and all liabilities, claims, demands, and causes of action of whatsoever nature asserted or which might have been asserted herein, known or unknown, accrued or to accrue, arising from or in any manner growing out of the incident made the basis of this lawsuit, as described in Plaintiff's pleadings on file herein, and not execution shall ever issue hereon.

It is further, ORDERED, ADJUDGED, and DECREED that any and all relief sought and prayed for by Plaintiff hereto which is not herein specifically granted is also granted.

5.7   Smith was not present and Smith's counsel was not given notice of the hearing and did not appear for same. At no time prior to November 20, 2019 did Taylor ever inform Starstone that he did believe he and Smith to be "common law" married or that they had held themselves out

as husband and wife in September 2017.  Pepper seeks to enforce this "agreed judgment" and have Starstone pay its policy limits to satisfy same.

## VI.
## CAUSES OF ACTION

**Declaratory Judgment**

    6.1    Pursuant to 28 U.S.C. § 2201 *et seq.*, Starstone seeks a declaration that:

        a.    Starstone has no duty to indemnify Smith or Taylor for amounts set forth in the "agreed final judgment"

        b.    Pursuant to Great American Insurance Co. v. Hamel, 525 S.W.3d 655 (Tex. 2017), Starstone is not bound by the "Agreed final judgment" entered into by Taylor and Pepper.

## VII.
## CONDITIONS PRECEDENT

    7.1    All conditions precedent to Starstone's recovery herein have occurred or have been waived.

## VIII.
## RESERVATION REGARDING AMENDMENT

    8.1    Starstone reserves the right to amend as necessary to add to this action additional claims that may be made against Defendant(s).

**WHEREFORE, PREMISES CONSIDERED,** Starstone National Insurance Co. prays for judgment declaring the rights and obligations of the parties, and in particular for a declaration that Starstone has no duty to indemnify Taylor for the amounts set forth in the "Agreed judgment" nor to pay Pepper the amounts set forth in the "agreed judgment"; and for such other and further relief, at law or in equity, to which Colony may show it is justly entitled.

Respectfully submitted,

*/s/ Lisa A. Songy*
Lisa A. Songy
State Bar No. 00793122
lisas@tbmmlaw.com

TOLLEFSON BRADLEY MITCHELL & MELENDI, LLP
2811 McKinney Avenue, Suite 250 West
Dallas, TX 75204
Telephone 214.665.0100
Facsimile 214.665.0199

**ATTORNEY FOR PLAINTIFF**